IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS J. SKOPAYKO,

        Plaintiff,

vs.

        No. Civ. 01-0476 MV/WWD

LONGFORD HOMES OF
NEW MEXICO, INC., a
foreign corporation,

        Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Remand, filed May 4, 2001 **[Doc. No. 6]**.  The Court, having reviewed the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED.**

### BACKGROUND

Plaintiff filed a complaint for retaliatory discharge in the Second Judicial District Court of the State of New Mexico.  In his complaint, Plaintiff alleged that he was employed as a project coordinator for Defendant Longford Homes of New Mexico from January 26, 2000 until September 22, 2000; that his fiancé purchased a home from Longford Homes in March of 2000; that there was a defect in the structure of the home; that he reported the defect to the City of Albuquerque; and that he was thereafter terminated from his job in retaliation for making the report.

Defendant filed a notice of removal under 28 U.S.C. § 1441, stating that the $75,000 amount in controversy requirement was satsified and that the parties were citizens of diverse states. Plaintiff now seeks an order remanding the action to the Second Judicial District Court of the State of New Mexico, contending that neither the amount in controversy requirement nor the diversity of citizenship requirement is satisfied in this case.

**STANDARD**

"When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant 'is a citizen of the State in which such action is brought.'" *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing 28 U.S.C. § 1441(b)). The federal court to which the action is removed, however, must remand the action to state court if it determines that subject matter jurisdiction is lacking. *See id.* at 69 (citing 28 U.S.C. § 1447(c)). Plaintiff maintains in his motion to remand that subject matter is lacking in this action. If the Court agrees, it must enter an order remanding the action to the state court.

The Court must, therefore, "examine the face of the complaint to determine whether a party has adequately presented facts sufficient to establish diversity jurisdiction." *Rice v. Office of Servicemembers' Group Life Ins.*, – F.3d – , 2001 WL 913837, *2 (10th Cir. 2001). The party asserting jurisdiction, in this case Defendant, "'must allege facts essential to show jurisdiction.'" *Id.* (quoting *Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993)). Therefore, the complaint must allege that the plaintiff and defendant are citizens of different states and that the amount in

controversy is greater than $75,000. *See id.* (citing 28 U.S.C. § 1332(a)).

"For diversity purposes, a corporation is 'deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" *Gadlin v. Sybron Int'l. Corp.*, 222 F.3d 797, 799 (10th Cir. 2000) (quoting 28 U.S.C. § 1332(c)(1)).[1] In order to determine the principal place of business, the Court looks to the total activity of the company. *See id.* (citing *Amoco Rocumount Co. v. Anschutz Corp.*, 7 F.3d 909, 915 (10th Cir. 1993) ("the determination of a corporation's principal place of business does not hinge on one particular facet of corporate operations, but on the total activity of the company considered as a whole.")) Therefore, the Court must consider "'the character of the corporation, its purposes, the kind of business in which it is engaged, and the situs of its operations.'" *Id.* (quoting *Amoco Rocumount Co.*, 7 F.3d at 915).

## ANALYSIS

As a preliminary matter, the Court takes note of the general policy of the federal courts to strictly construe the diversity statute. *See, e.g., Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 357 (1961) (citing *Healy v. Ratta*, 292 U.S. 263, 270 (1934)); *Penteco Corp. Ltd. Partnership – 1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citing *Crowley v. Glaze*, 710 F.2d 676, 687 (10th Cir.1983); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268-69 (11th Cir. 2000) (citing *Snyder v. Harris*, 394 U.S. 332, 340 (1969) (federal courts obligated to "scrupulously confine their own jurisdiction to the precise limits which the statute has

---

[1] It is undisputed that Defendant's state of incorporation is Nevada; the only disputed issue with respect to diversity of citizenship is Defendant's principal place of business.

defined.")). This construction is grounded upon federalism and separation of powers concerns. *See Morrison*, 228 F.3d at 1268. Federal courts are courts of limited jurisdiction; therefore, there is a presumption against federal jurisdiction, and the party invoking federal jurisdiction bears the burden of proof. *Penteco Corp. Ltd. Partnership – 1985A*, 929 F.2d at 1521 (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

Defendant argues here that its principal place of business is in Nevada because the responsibility for the day-to-day operations is in Hendersen, Nevada, and because the managing officers of Longford Homes of New Mexico, Inc. reside in Hendersen, Nevada. The Court finds, however, that this is insufficient to establish that Defendant is a citizen of Nevada for diversity purposes. The evidence demonstrates that Longford Homes of New Mexico provides all of its services in the state of New Mexico and owns substantial assets in New Mexico. Longford Homes of New Mexico also has corporate offices in New Mexico. Plaintiff was hired by and continuously worked for employees of Longford Homes of New Mexico who were situated in New Mexico. Thus, considering the character of the corporation, its purposes, the kind of business in which it is engaged, and the situs of its operations, the Court finds that Longford Homes of New Mexico is a citizen of New Mexico for diversity purposes. Plaintiff is also a citizen of New Mexico. Therefore, the Court concludes that the parties are not citizens of diverse states, that the diversity of citizenship requirement is not satisfied, and that, therefore, federal subject matter jurisdiction is lacking.[2] Accordingly, the Court will grant the motion to remand.

---

[2] Because the Court concludes that the parties in this action are not citizens of diverse states, the Court declines to address Plaintiff's argument that the amount in controversy requirement is not satisfied.

## CONCLUSION

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Remand **[Doc. No. 6]** is hereby **GRANTED.** This matter is hereby **REMANDED** to the Second Judicial District Court of the State of New Mexico.

Dated this 17th day of September, 2001.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Plaintiffs' Attorney
    Daniel M. Faber

Defendant's Attorney
    Benjamin Silva, Jr.